Randall B. Bateman (USB 6482)
Perry S. Clegg (USB 7831)
C. Todd Kinard (USB 12575)
Sarah W. Matthews (USB 13295)
BATEMAN IP LAW GROUP, P.C.
8 East Broadway, Suite 550
P.O. Box 1319
Salt Lake City, Utah 84110
Tel: (801) 533-0320/Fax: (801) 533-0323
Email: mail@batemanip.com, rbb@batemanip.com, psc@batemanip.com, ctk@batemanip.com

Attorneys for Plaintiff,
Global Marketing Strategies, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| GLOBAL MARKETING STRATEGIES, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>NAMECHEAP, INC., a Delaware corporation, d/b/a WHOISGUARD; DAN GOLDSTEIN; and DOES 1 through 5,<br><br>    Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANT NAMECHEAP'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS**<br><br><br><br>Case No. 1:11cv00065-DN<br><br>Judge David Nuffer |

Plaintiff Global Marketing Strategies, LLC, respectfully submits this Memorandum in Opposition to Defendant Namecheap's Motion for the Court to Take Judicial Notice of Adjudicative Facts.

**INTRODUCTION**

This Court should not take judicial notice that the marks "TRUST GUARD" and "TRUSTGUARD" (collectively, "the Marks"), are registered marks of Markmonitor, Inc. as requested by Defendant, Namecheap, Inc. ("Defendant").  Markmonitor, Inc. ("Markmonitor") has requested that the registrations for the Marks be abandoned as is indicated by the records of the United States Patent and Trademark Office ("USPTO").

**ARGUMENT**

**I.    LEGAL STANDARD**

For the Court to take judicial notice of an adjudicative fact it "must be one not subject to reasonable dispute in that it is…(2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

**II.   THE PUBLIC FILINGS OF THE USPTO INDICATE THAT MARKMONITOR HAS REQUESTED ABANDONMENT OF THE REGISTRATIONS FOR THE MARKS**

"A mark shall be deemed to be 'abandoned' when …its use has been discontinued with intent not to resume such use.  Intent not to resume may be inferred from circumstances." 15 U.S.C. §1127.  On June 10, 2011, Defendant filed its Motion for the Court to Judicial Notice of Adjudicative Facts requesting that:

> 1.    The mark 'TRUST GUARD' is registered to Markmonitor, Inc. as Registration Number 3633315 that was published for opposition on May 1, 2007 and bears a registration date of June 2, 2009.  The use in commerce by Markmonitor, Inc. for this mark is 'Application service provider (ASP) featuring software in the field of data theft and identity theft' and 'Consultation in the field of data theft and identity theft.'

      2.    The mark 'TRUSTGUARD' (without the space) is also registered to Markmonitor, Inc. as Registration Number 3412223 that was published for opposition on May 2, 2007 and bears a registration date of April 15, 2008. The use in commerce by Markmonitor, Inc. of 'TRUSTGUARD' is 'Computer software for impeding attempts at data theft and identity theft that may be downloaded from a global computer network'; 'Application service provider (ASP) featuring software in the field of data theft and identity theft'; and 'Consultation in the field of data theft and identity theft.'

In support of its request, Defendant included documents from records on file with the USPTO attached to its Memorandum in Support of Namecheap's Motion to Dismiss as Exhibits 4 through 8. Docket No. 17, filed June 10, 2011. Defendant's motion and memorandum, however, were not complete as to the two cancellation proceedings. The cancellation proceedings also include Markmonitor's "Motion to Withdraw/Abandon Trademark" which was filed on June 6, 2011 and entered into the USPTO's records on June 8, 2011, requesting the USPTO to withdraw and abandon both of the registrations for the Marks. *See* Exhibit A - Declaration of C. Todd Kinard, Exhibit 1, attached hereto. The USPTO has noted Markmonitor's motion and forwarded it to the Post Registration Division for action. *See Id.*, at Exhibits 2-3.

      As Markmonitor has expressly requested abandonment of the Marks this Court cannot take judicial notice that either "TRUST GUARD" or "TRUSTGUARD" are Markmonitor's registered marks. The public records of the USPTO clearly dispute the adjudicate facts that Defendant requests the Court to recognize as true and, thus, is not subject to judicial notice under the Federal Rules of Evidence. To the extent the Court takes judicial notice, it should take notice that Markmonitor has expressly abandoned its trademark registrations.

DATED this 27th day of June, 2011.

        BATEMAN IP LAW GROUP

        /s/Randall B. Bateman

        Randall B. Bateman
        Perry S. Clegg
        C. Todd Kinard
        Sarah W. Matthews

        Attorneys for Plaintiff
        Global Marketing Strategies, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing **MEMORANDUM IN OPPOSITION TO DEFENDANT NAMECHEAP'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS** and this **CERTIFICATE OF SERVICE** were served on opposing counsel via CM/ECF this 27th day of June, 2011, as follows:

**James E. Magleby**
magleby@mgpclaw.com

**Jennifer F. Parrish**
parrish@mgpclaw.com

**Eric K. Schnibbe**
schnibbe@mgpclaw.com

**Eugene Rome**
erome@romeandassociates.com


/s/Randall B. Bateman