James E. Magleby (7247)
 magleby@mgpclaw.com
Eric K. Schnibbe (8463)
 schnibbe@mgpclaw.com
Jennifer Fraser Parrish (11207)
 parrish@mgpclaw.com
**MAGLEBY & GREENWOOD, P.C.**
170 South Main Street, Suite 850
Salt Lake City, Utah 84101
Telephone: 801.359.9000
Facsimile: 801.359.9011

Eugene Rome (*pro hac vice*)
 erome@romeandassociates.com
**ROME & ASSOCIATES, A.P.C.**
2029 Century Park East, Suite 1040
Los Angeles, California 90067
Telephone: 310.282.0690
Facsimile:  310.282.0691

Attorneys for Defendant Namecheap, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **GLOBAL MARKETING STRATEGIES, LLC**, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>**NAMECHEAP, INC.**, a Delaware corporation, d/b/a WHOISGUARD; DAN GOLDSTEIN; and DOES 1 through 5,<br><br>    Defendants. | **REPLY MEMORANDUM IN SUPPORT OF NAMECHEAP'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS**<br><br><br><br>Case No. 1:11-CV-00065-DN<br><br>Judge David Nuffer |

Defendant Namecheap, Inc. ("Defendant"), through counsel of record, hereby submits its reply memorandum in further support of its Motion for the Court to Take Judicial Notice of Adjudicative Facts (Document Number 14) ("Motion for Judicial Notice").

## **TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 1

    I.    GMS DOES NOT OPPOSE JUDICIAL NOTICE OF THE FEBRUARY LETTER OR THE MARCH LETTER ...................................... 1

    II.   GMS'S OPPOSITION TO THE USPTO FACTS DISREGARDS THE CONCEPT OF THE PASSAGE OF TIME AND THE FACTUAL BASIS FOR THE AMENDED COMPLAINT ............................ 3

CONCLUSION ..................................................................................................................... 5

## INTRODUCTION

Plaintiff Global Marketing Strategies, LLC ("GMS"), has provided the Court no legitimate basis on which to deny Namecheap's Motion for the Court to take judicial notice of adjudicative facts that pertain directly to the May 11, 2011 Amended Complaint (Document Number 5) filed by GMS and Namecheap's Motion to Dismiss (Document Number 16) ("Motion to Dismiss").

First, GMS fails to respond to, or make any argument against, judicial notice as to the vast majority of adjudicative facts, including the February Letter and March Letter, and the Court, therefore, must recognize those facts pursuant to Federal Rules of Evidence 201(d) in ruling upon Namecheap's Motion to Dismiss.

Second, regarding the two limited points to which GMS actually responds, GMS's response ignores the relatively simple concept of the passage of time and that its claims in this case are based exclusively upon past alleged acts of trademark infringement. Indeed, GMS's opposition provides no argument why this Court should not take judicial notice of facts and, instead, merely asks that additional facts also be noticed.

## ARGUMENT

### I.  GMS DOES NOT OPPOSE JUDICIAL NOTICE OF THE FEBRUARY LETTER OR THE MARCH LETTER

The Court has been requested and must take judicial notice of the February Letter and March Letter because GMS offers not a single argument to the contrary. *See* Fed. R. Evid. 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information.") (emphasis added).

1

In particular, on June 10, 2011, Namecheap filed its Motion for Judicial Notice in connection with its Motion to Dismiss pursuant to Rule 12(b)(6) the Amended Complaint of GMS.  Namecheap's Motion for Judicial Notice requested that the Court take judicial notice of (1) two letters from GMS to Namecheap, dated February 25, 2011 and March 21, 2011 (respectively, the "February Letter" and the "March Letter"); and (2) documents filed by GMS as well as non-party Markmonitor, Inc. ("Markmonitor") with the United States Patent and Trademark Office ("USPTO"), reflecting competing interests in and ownership of the "TRUSTGUARD" and "TRUST GUARD" marks (the "Marks").  With regard to the USPTO documents, Namecheap specifically requested that the Court take judicial notice of facts identified in five separate paragraphs.  [*See* 6/10/11 Motion for Judicial Notice ¶¶ 3.a to 3.e; *accord* 6/10/11 Memorandum Supporting Motion for Judicial Notice (Document Number 15 at 4-5, ¶¶ 1-5].

By its opposition to Namecheap's Motion for Judicial Notice, GMS does not challenge the propriety of this Court taking judicial notice of the February Letter and the March Letter whatsoever.  Likewise, although GMS addresses the first two paragraphs, it does not address three of the five remaining paragraphs containing adjudicative facts relative to the USPTO documents.  GMS also presents no argument that the USPTO documents themselves are unreliable, unauthentic, or otherwise not properly subject to judicial notice.  Consequently, the Court properly takes judicial notice of the February Letter, the March Letter, and the unaddressed USPTO facts and documents in considering Namecheap's Motion to Dismiss.

II.  **GMS'S OPPOSITION TO THE USPTO FACTS DISREGARDS THE CONCEPT OF THE PASSAGE OF TIME AND THE FACTUAL BASIS FOR THE AMENDED COMPLAINT**

The Court should reject GMS's arguments regarding the first two paragraphs of adjudicative facts relative to USPTO documents, and the USPTO documents attached to the Memorandum in Support of Namecheap's Motion to Dismiss ("Supporting Memorandum") as Exhibits "4" through "8" because (a) GMS's arguments ignore that after-filed documents do not change existing facts and documents and (b) GMS's claims are based upon alleged past acts of infringement.  That is, GMS requests that the Court decline to take judicial notice of the fact that the Marks on which GMS's claims are based were actually Markmonitor's registered marks at the time of the alleged infringement because, GMS argues, there was a subsequent filing of a "Motion to Withdraw/Abandon Trademark" with the USPTO on June 6, 2011.  [*See* 6/27/11 Mem. in Opp. to Motion for Judicial Notice at 3 & Ex. 1].  GMS's request is contrary to reality, the law, and its own allegations.

In requesting that the Court refuse to take judicial notice of the USPTO filings attached as Exhibits "4" through "8" to the Supporting Memorandum based exclusively upon a filed "Motion to Withdraw/Abandon Trademark," GMS is, in effect, asking the Court to make a factual determination as to the substantive effect of the various filings.  This is not a proper request at this juncture.  While the Court may also take judicial notice of Markmonitor's filing of a "Motion to Withdraw/Abandon Trademark," the existence of an additional document subject to judicial notice, does not mean that other

3

filings with the USPTO by GMS and Markmonitor -- which GMS does not dispute are authentic copies of actual filings with the USPTO relevant to GMS's claimed injury -- are not also properly judicially noticed.  Stated simply, the subsequent filing of additional documents that GMS relies upon, does not erase from existence the other documents Namecheap relies upon.  Moreover, an abandonment by Markmonitor filed <u>on June 6, 2011</u> does not mean Markmonitor had nothing to abandon (rather, it means precisely the opposite), and it does not mean Markmonitor was not the actual registrant, <u>before that date</u>, of the Marks on which GMS bases its claims.

       The Complaint in this action was filed on April 26, 2011 (*see* Document No. 2) and included claims of <u>past</u> trademark infringement, pre-dating Markmonitor's filing of the "Motion to Withdraw/Abandon Trademark," as did the Amended Complaint, filed on May 11, 2011 (*see* Document No. 5).  Indeed, none of the factual allegations in the Amended Complaint state there was any ongoing publication of any allegedly infringing material by any website using a domain for which Namecheap is the registrar (and, in reality, the offending website was removed well before June 6, 2011).  Consequently, during the time period when the alleged trademark infringement occurred, as alleged in the Complaint and Amended Complaint, Markmonitor was the registered owner of the Marks.  The period of the alleged wrongdoing is the relevant period of the Marks' ownership and Exhibits "4" through "8" should be judicially noticed by the Court as indicative of GMS's rights (or lack thereof) in the Marks <u>at that time</u>, irrespective of any subsequent filing.

## CONCLUSION

In sum, the Court is asked to take judicial notice of all items included as Exhibits to Namecheap's Motion for Judicial Notice – the February and March Letters, the USPTO filings, and the adjudicative facts based upon the USPTO filings. GMS has provided no valid argument to the contrary. In accordance with the applicable principles of law, the Court should grant the motion.

DATED this 14th day of June, 2011.

**MAGLEBY & GREENWOOD, P.C.**

_____
James E. Magleby
Eric K. Schnibbe
Jennifer Fraser Parrish
Attorneys for Defendant NameCheap, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY & GREENWOOD, P.C., 170 South Main Street, Suite 850, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF NAMECHEAP'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS** was delivered to the following this 14th day of June, 2011:

[  ]    Via U.S. Mail

[X]    Via CM/ECF System

[  ]    Via Electronic Mail (as indicated below)

    Randall B. Bateman
     rbb@batemanip.com
    Perry S. Clegg
     psc@batemanip.com
    C. Todd Kinard
     ctk@batemanip.com
    Sarah W. Matthews
     sm@batemanip.com
    BATEMAN IP LAW GROUP, P.C.
    8 East Broadway, Suite 550
    Salt Lake City, Utah  84110

*Attorneys for Plaintiff*

_____
Jo Washenko